RECEIVED IN ALEXANDRIA, LA.
SEP 07 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JASON PALACIOS

FED. REG. #43019-054

VERSUS

WARDEN JOE KEFFER

DOCKET NO. 10-CV-0899;
SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Petitioner Jason Palacios filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on May 27, 2010. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is confined at the United States Penitentiary at Pollock, Louisiana. Petitioner attacks his 1998 conviction in the United States District Court for the Eastern District of New York.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Background*

Petitioner, along with his twin brother, Edwin Palacios, was convicted by a jury on October 20, 1997 of all four counts of an indictment, including Count One, murder in aid of racketeering, in

violation of 18 U.S.C. §1959(a)(1). The district court entered judgment on August 8, 1998, and sentenced both defendants to life imprisonment on the murder in aid of racketeering charge, along wih sentences on the other counts. Petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 24, 1999. United States v. Palacios, No. 98-1458, 1999 WL 197216 (2nd Cir. 1999). Exactly one year later, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255, which was denied by the Eastern District of New York on August 15, 2001. Palacios v. United States, No. 00-CV-1906 (E.D.N.Y. Aug. 15, 2001). The Court of Appeals for the Second Circuit dismissed the appeal on January 30, 2002. See Palacios v. United States, No. 01-2640 (2d Cir. Jan. 30, 2002).

After that, Petitioner sought various avenues to challenge his sentence. He moved in the Court of Appeals for an order authorizing the district court to consider a successive petition. That motion was denied. Palacios v. United States, No. 06-0502 (2d Cir. Mar. 7, 2006). On February 1, 2007, the Eastern District of New York received papers styled as a "Motion Pursuant to Federal Rule of Civil Procedure 60(b)(4) for Relief from Judgment of August 15, 2001; for Defects in Integrity of Sec. 2255

Proceedings."  The Court found that the filing attacked the underlying conviction on the ground that the trial court "lacked Article III subject-matter jurisdiction," and denied Petitioner's motion as beyond the scope of Rule 60(b).  <u>Palacios v. United States</u>, No. 00-CV-1906 (E.D.N.Y. March 21, 2007).  Petitioner's Notice of Appeal is pending in the Court of Appeals.  Petitioner then brought a motion alleging that the Court lacked federal jurisdiction over Count One of the indictment.  The claim attacked Petitioner's criminal conviction, a challenge properly brought as a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  The district court transferred to the appellate court, which, on October 26, 2007, found that Petitioner failed to satisfy the successive motion criteria set forth in 28 U.S.C. § 2255.

### *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241.  He claims that the statute under which he was prosecuted, convicted, and sentenced, the Violent Crime in Aide of Racketeering Activity (VICAR), 18 U.S.C. § 1959(a)(1), was unconstitutional as applied to the facts of his case.  Specifically, Petitioner claims that robbery is not one of the enumerated offenses that may be prosecuted under the VICAR statute.

3

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. <u>See</u> <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990). Here, Petitioner collaterally attacks the legality of his conviction.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>See</u> <u>Reyes-Requena</u>, 243 F.3d at 904. Such Petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452

4

(5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. Instead, he argues that the government – including this Court – is equitably estopped from using the law to bar review of his claims. That allegation is insufficient to demonstrate that the remedy provided by §2255 is inadequate and that petitioner is entitled to proceed under the "Savings Clause."

In short, Petitioner has failed to show that his 28 U.S.C. §2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed. Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus*

5

be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this _____ day of _____, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE